UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GINA ARGENTO,

                Plaintiff,

                                                                                            **COMPLAINT**

   -against-

SUBURBAN BUS TRANSPORTATION, INC. and
ANTOINE CLAIRANT,

                Defendant.
------------------------------------------------------------------------X

Plaintiff, GINA ARGENTO, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, SUBURBAN BUS TRANSPORTATION, INC. and ANTOINE CLAIRANT, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants to recover damages for sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Nassau in the State of New York.

4, Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

5. Defendant, SUBURBAN BUS TRANSPORTATION, INC., does business in the State of New York, within the Eastern District of New York.

6. Prior to commencing this action, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2021-00582.

7. On April 19, 2021, the EEOC issued a Dismissal and Notice of Right to Sue under the aforementioned charge number.

8. Plaintiff commenced this action within ninety (90) days of the receipt of the Notice of the Right to Sue.

## PARTIES

9. Plaintiff is a female and an "employee" within the meaning of 42 U.S.C. § 2000e(f), a "person" within the meaning of N.Y. Exec. Law § 292(1).

10. At all times relevant, the Defendant, SUBURBAN BUS TRANSPORTATION, INC., is a domestic business corporation.

11. At all times relevant, the Defendant was and still is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and Section 292(5) of the NYSHRL.

12. At all times relevant, Defendant, ANTOINE CLAIRANT ("CLAIRANT"), was an aider and abettor within the meaning of Section 296(6) of the NYSHRL.

## FACTUAL ALLEGATIONS

13. Defendant provides student transportation services for school districts throughout Nassau County.

14. Plaintiff was employed by Defendant as a bus monitor from in or about February 17, 2017 to September 11, 2020.

15. Throughout the course of her employment with Defendant, Plaintiff was sexually harassed by CLAIRANT, who worked for Defendant as a school bus driver.

16. The discriminatory conduct included physical touching, sexual comments, suggestive text messages, and pornography that depicted sexual intercourse between a person and an animal. CLAIRANT's conduct was intended to, and did, cause Plaintiff to feel intimidated, embarrassed and humiliated. The sexual harassment interfered with Plaintiff's ability to work.

17. For example, CLAIRANT touched Plaintiff's buttocks in a sexual manner as she fastened the seat belt of a disabled student and sometimes stroked Plaintiff's hair as she passed by him in the bus. Plaintiff objected whenever CLAIRANT touched her, and she told him that his conduct was extremely offensive to her.

18. CLAIRANT made vile sexual inquiries and asked Plaintiff if her "*pussy*" was fat. Plaintiff objected whenever CLAIRANT made such inquiries and told him that his conduct was extremely offensive.

19. CLAIRANT sent Plaintiff inappropriate text messages including "*I miss you baby*," "*good morning my love*" and "*Gina, I want to eat some of you.*"

20. CLAIRANT told the father of disabled students, in the presence of Plaintiff, that she was available if he wanted to "*make a baby boy*" or similar words to that effect. Plaintiff was embarrassed and humiliated by this.

21. On March 16, 2020, CLAIRANT, while driving the bus, played and narrated a pornographic video depicting a girl having sex with a dog.

22. That same day, Plaintiff reported the pornography incident to Philip Gunther, Jr., an owner and/or officer of Defendant. Plaintiff also provided him with copies of the sexual text messages that CLAIRANT had sent her. Plaintiff asked Philip Gunther, Jr. to fire CLAIRANT, but Gunther refused.

23. In July 2020, Plaintiff reported CLAIRANT's harassment to Philip Gunther, Sr., an owner and/or officer of Defendant. Plaintiff asked Philip Gunther, Sr. to fire CLAIRANT, but he also refused.

24. Defendant failed to take appropriate corrective action in response to Plaintiff's complaints of sexual harassment such as terminating CLAIRANT's employment, suspending CLAIRANT without pay pending investigation, or requiring CLAIRANT to complete sexual harassment training.

25. Instead, Defendant continued to employ CLAIRANT without interruption and without providing him with training regarding sexual harassment in the workplace.

26. Defendant exhibited a deliberate indifference to the sexual harassment of Plaintiff.

27. The harassing and discriminatory conduct was severe and created a hostile work environment based on sex.

28. After Plaintiff complained about CLAIRANT, he continued to come to the bus yard in Bellmore where Plaintiff worked. Continuing to see CLAIRANT in the bus yard where Plaintiff worked caused her to feel intimidated and anxious about further harassment.

29. Defendants' failure to remedy the harassing and discriminatory conduct described herein resulted in the constructive discharge of Plaintiff's employment.

30. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment.

## FIRST CLAIM FOR RELIEF
## TITLE VII SEX DISCRIMINATION

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff has been discriminated against on the basis of her sex.

33. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

34. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

35. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

36. The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

37. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

38. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

39. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

40. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff has been discriminated against on the basis of her sex and gender.

42. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

43. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

44. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

45. The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

46. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

47. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### NEW YORK EXECUTIVE LAW

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff has been discriminated against on the basis of her sex and gender.

50. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

51. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

52. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

53. The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

54. That the foregoing acts pleaded above were aided and abetted by, and with the full knowledge and consent of Defendant CLAIRANT in violation of Executive Law §296(6).

55. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

56. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Compensatory damages for mental anguish and emotional distress;

(iii.) Punitive damages;

(iv.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(v.) Such other relief as this Court deems just and proper.

Dated: Hauppauge,, New York
April 21, 2021

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*

Peter A. Romero, Esq.
825 Veterans Highway
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

7